UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE GARNER,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 14-cv-05172-EDL<br><br>**ORDER FOLLOWING PRE-TRIAL CONFERENCE**<br><br>Re: Dkt. Nos. 60-74, 76-79, 81-83, 85-88 |

On July 7, 2016, the Court held a pretrial conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

## I. TRIAL SCHEDULE AND PROCEDURE

1. Trial in this case will begin on Monday, July 25, 2016 at 9:00 a.m. The first day of trial will consist of non-argumentative "mini opening statements" (five minutes or less), jury selection, opening statements, reading of the preliminary jury instructions, and Plaintiff beginning its case. Counsel shall report to the courtroom no later than 8:30 a.m.

2. Generally, the trial schedule shall be from 9:00 a.m. to 4:00 p.m., with two 15-minute breaks and a 45-minute lunch. Counsel shall arrive by no later than 8:30 a.m. to set up and discuss any outstanding issues with the Court outside the presence of the jury.

3. Counsel shall have up to 30 minutes for opening statements and up to one hour for closing statements.

4. Plaintiff shall have up to 7 hours of trial time to present its case, and Defendants shall have up to 7 hours of trial time to present their defense. The trial shall be completed, and the case turned over to the jury by no later than Thursday, July 28, 2016.

5. The jury will consist of eight jurors.

6.  The Parties shall meet and confer and thereafter file a joint brief, neutral statement of the case to be read to the jury panel during voir dire, as well as a list of witnesses and counsel to be provided to the jury panel during voir dire, by Thursday, July 14, 2016. The Parties shall also meet and confer to determine whether to request that the Court's Office of Jury Administration administer a questionnaire to potential jurors, and, if so, submit a joint proposed questionnaire by Thursday, July 14, 2016.

7.  The Court will disallow Plaintiff's first proposed voir dire question (regarding the U.S. Department of Justice's investigation into SFPD), and will allow his second, third, and fourth proposed voir dire questions.

8.  During jury selection, each side will be able to exercise up to three peremptory challenges (alternating) and any "for cause" challenges outside the presence of the jury.

## II. STIPULATIONS

1.  The Parties have stipulated as follows:
    - There was probable cause for plaintiff's detention and arrest.
    - Plaintiff seeks no damages for loss of income in the past or future as a result of his injuries.
    - The parties stipulate to a procedure for the bifurcation of the amount of punitive damages at trial. A declaration of assets will be prepared by Officer Harris under oath that will be provided to jury for their consideration during a second phase of deliberation only if the jury finds that punitive damages are warranted.
    - The parties stipulate that JARED HARRIS was employed by the City and County of San Francisco and acting within the course and scope of his employment as a San Francisco Police Officer when he arrested MICHAEL GARNER.

2.  The Parties will file a stipulation and proposed order by Thursday, July 14, 2016 to the effect that Defendant City and County of San Francisco ("CCSF") has entirely forgiven any and all amounts that may have been due or owing by Plaintiff in connection with his treatment at San Francisco General Hospital on November 27, 2013 or December 12, 2013, and that neither CCSF nor any other entity on its behalf will seek to recover any such amount from Plaintiff.

3.  The Parties will file an additional stipulation regarding the fact that Plaintiff was not

ultimately charged with a crime based on the November 27, 2013 incident by Thursday, July 14, 2016.

### III. WITNESSES

1. The testimony of Plaintiff's non-retained expert witnesses is limited to opinions based on their own observations (i.e., formed in the course of their treatment of Plaintiff).

2. The testimony of Plaintiff's lay SFPD witnesses is limited to opinions based on their own observations (e.g., their personal involvement in Plaintiff's arrest).

3. Defendants' lay SFPD witnesses may not testify regarding Plaintiff's misdemeanors, nor regarding felonies that are more than ten years old. They may only testify regarding the topics discussed in Plaintiff's Motion in Limine 3 if Plaintiff "opens the door" (see further analysis of this motion below). The admissibility of their testimony regarding Plaintiff's recent felonies depends on the Court's decision based on the Parties' Federal Rule 609 submissions.

### IV. EXHIBITS, DISCOVERY DESIGNATIONS, AND REQUEST FOR JUDICIAL NOTICE

1. Defendants' objection to Plaintiff's Exhibit No. 9 is **OVERRULED**.

2. Defendants' objection to Plaintiff's Exhibit No. 10 is **OVERRULED**.

3. In light of the Court's order that the Parties stipulate to the fact that Plaintiff was not ultimately charged with a crime based on the November 27, 2013 incident (see Part II above), the Parties will meet and confer to attempt to resolve their dispute regarding Plaintiff's Exhibit No. 11.

4. Defendants' objections to Plaintiff's Exhibit No. 13 are **GRANTED**.

5. Defendants' objection that Plaintiff's Exhibit No. 14 is generally inadmissible hearsay is **OVERRULED**. However, the Parties will meet and confer to redact portions of Exhibit No. 14 that are overly prejudicial and/or inadmissible hearsay within hearsay, as discussed during the Pretrial Conference.

6. Defendants shall not, through exhibits or discovery designations, introduce evidence of Plaintiff's prior convictions for misdemeanors, nor for felonies more than ten years old, and Defendants' request that the Court take judicial notice of any such convictions is **DENIED**.

1  Regarding Plaintiff's more recent felony convictions—on May 24, 2013 (described in Exhibit
2  Nos. 768 and 769) and July 14, 2014 (described in Exhibit Nos. 770 and 771), the Parties shall
3  each submit no more than two pages regarding their admissibility pursuant to Federal Rule of
4  Civil Procedure 609 by Thursday, July 14, 2016.

5  7.  Defendants request for judicial notice that the date of Thanksgiving 2013 was Thursday,
6  November 28, 2013 is **GRANTED**.

7  8.  If Plaintiff wishes to introduce as exhibits additional photographs of the scene of the
8  incident, he will meet and confer with Defendants and thereafter submit these additional exhibits
9  to the Court in accordance with the procedure described in the Court's initial pretrial order by
10 Thursday, July 14, 2016.

**V.  MOTIONS IN LIMINE**

1.  Plaintiff's Motion in Limine 1 To Exclude Evidence Regarding Medicare, Medical, "Write-Offs," or other Collateral Sources for Plaintiff's Health Care is **DENIED**.

2.  Plaintiff's Motion in Limine 2 To Exclude Evidence Regarding Plaintiff's Illicit Drug Use is provisionally **GRANTED**.  However, if Plaintiff "opens the door" by testifying that he has not or does not use illicit drugs, the Court may allow such evidence subject to the Parties first raising the issue with the Court.

3.  Plaintiff's Motion in Limine 3 To Exclude Evidence Regarding Subsequent Contacts Between Plaintiff and SFPD is provisionally **GRANTED**.  However, if Plaintiff "opens the door" by testifying regarding his mental state during subsequent contacts with police, the Court may allow such evidence subject to the Parties first raising the issue with the Court.

4.  Defendants' Motion in Limine 1 To Exclude Evidence of Economic Damages is **GRANTED**.

5.  Defendants' Motion in Limine 2 To Exclude References to Police Misconduct Unrelated to Allegations and Events Giving Rise to Present Lawsuit is **GRANTED** as to evidence introduced at trial but **DENIED** as to questions to be asked during voir dire (although the only permissible questions during voir dire will be open-ended questions regarding police misconduct, and will not reference specific investigations).

1  6.   Defendants' Motion in Limine 3 To Exclude Evidence Relating to Matters Already Decided
2  by Summary Judgment is **GRANTED**.
3  7.   Defendants' Motion in Limine 4 To Exclude Medical Opinion and Medical Causation
4  Testimony is **GRANTED** as to Plaintiff, whose testimony is limited to opinions rationally based
5  on his perception that are not based on scientific, technical, or other specialized knowledge.
6  Defendants' motion is **GRANTED** as to Plaintiff's SFGH witnesses, whose testimony is limited
7  to opinions formed in the course of their treatment of Plaintiff.  Defendants' motion is
8  **RESERVED** as to statements by Plaintiff's physicians to Plaintiff, which constitute hearsay
9  unless some hearsay exception applies, and which the Court will evaluate as necessary during the
10 course of trial.
11 8.   Defendants' Motion in Limine 5 To Exclude Hearsay Statements from DA Personnel and
12 Reference to Plaintiff's Charges Being Dropped is **GRANTED** as to statements from DA
13 Personnel to Plaintiff.  Defendants' motion is **DENIED** as to reference to Plaintiff's charges being
14 dropped, which will be addressed by the stipulation described in Part II above.
15 9.   Defendants' Motion in Limine 6 To Exclude Emotional Distress Damages other than
16 "Garden Variety" Emotional Distress is **GRANTED**.
17 10.  Defendants' Motion in Limine 7 To Exclude Evidence that Plaintiff's Counsel Previously
18 Served as Assistant District Attorney is **GRANTED**.

### VI. JURY INSTRUCTIONS

1.  The Court adopts the Parties' jointly proposed jury instructions with a few limited exceptions discussed during the pretrial conference and below:

   a.   The Court has reviewed the caselaw regarding the overlap between Section 1983, Bane Act, battery, and negligence claims, and has found them to be entirely coextensive.  See Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983"); Morales v. City of Delano, 852 F. Supp. 2d 1253, 1277-78 (E.D. Cal. 2012) ("Negligence is measured by the same standard as battery and excessive use of force under the Fourteenth Amendment").  Accordingly, the Parties will revise Instruction 1.2 (Claims and Defenses) to delete reference to battery.  They will add the missing phrase "he

1  asserts."

2      b.    The Parties will delete Instruction 2.16 (Evidence in Electronic Format).

3      c.    The Parties will revise Instruction 5.1 (Damages—Proof) to conform with the Court's ruling on Defendants' Motion in Limine 1.

5      d.    The Parties will revise Instruction 9.3 (Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof) to clarify that the Parties have stipulated that Officer Harris acted under color of state law.

8      e.    The Parties will revise Instruction 430 (Causation: Substantial Factor), so the final paragraph states that the instruction applies to all "claims and defenses," rather than "claims and defense."

11  2.    Regarding the instructions requested by both Parties but with competing language:

12      a.    The Court adopts Defendants' version of Instruction 9.23 (Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force), without Plaintiff's proposed additional factor.

15      b.    The Court adopts Plaintiff's versions of Instruction 1305 (Battery by Peace Officer), Instruction 400 (Negligence—Essential Factual Elements), and Instruction 401 (Basic Standard of Care), which more closely resemble the California Civil Jury Instructions ("CACI").

18  3.    The Court does not adopt Defendants' proposed jury instructions.

19  4.    The Court does not adopt Plaintiff's proposed jury instructions.

20  5.    The Parties shall meet and confer regarding an instruction on "Questions to Witnesses by Jurors," proposed by the Court and provided to the Parties at the hearing, and shall decide amongst themselves whether to give this instruction to the jury.

23  6.    The Parties shall confirm that all instructions are formatted correctly (including Instruction 5.5, which is missing a line break), and that all titles are appropriate for this case (including the title to Instruction 3924, which should be revised to clarify that no punitive damages are available against CCSF).

27  6.    The Parties shall file a revised, complete set of jury instructions, divided into pre-instructions and final instructions, no later than Thursday, July 14, 2016.

### VII. VERDICT FORM

1. The Court will issue a subsequent order regarding the Parties' joint proposed verdict form, and the Parties shall thereafter submit a revised verdict form in accordance with the Court's order.

**IT IS SO ORDERED.**

Dated: July 11, 2016

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
Northern District of California