# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE GARNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 14-cv-05172-EDL<br><br>**ORDER FOLLOWING FURTHER PRETRIAL CONFERENCE** |

On July 21, 2016, the Court held a further Pretrial Conference in this case. For the reasons stated at the conference and in this Order, the Court orders as follows.

## I. VOIR DIRE

By July 22, 2016, the Parties shall submit a revised set of voir dire questions that conforms with the Court's July 11, 2016 Order, and deletes any questions covered by the questionnaire lodged by the Parties during the further Pretrial Conference on July 21, 2016.

## II. JURY INSTRUCTIONS

By July 22, 2016, the Parties shall submit a revised set of jury instructions, divided into pre-instructions and final instructions. The revised instructions shall conform with the discussion during the further Pretrial Conference, including the revisions to the "Claims and Defenses" instruction, the deletion of instructions regarding Plaintiff's Bane Act, battery, and negligence claims, and the addition of an explanation of the verdict form in the "Return of Verdict" instruction.

## III. VERDICT FORM

The verdict form to which the Parties stipulated on the record during the further Pretrial Conference is attached to this Order.

### IV. STIPULATIONS

1. By July 22, 2016, the Parties shall submit a revised version of the stipulation and proposed order submitted on July 15, 2015, regarding Defendant City and County of San Francisco's agreement not to assert the right to payment for goods and services provided in connection with treatment of Plaintiff Michael Garner for injuries sustained on November 27, 2013 (Dkt. 99) to include a statement to the effect that Plaintiff preserves his objections to the Court's rulings regarding the collateral source rule and economic damages, and to clarify if necessary that Defendant City and County of San Francisco will not attempt to collect any local taxes in connection with this treatment. The Parties shall further revise the stipulation and proposed order to provide that the Court will retain jurisdiction to enforce this order.

2. The Parties stipulated on the record that the jury's finding regarding whether Officer Harris used unreasonable force during the course of his arrest of Michael Garner is determinative of its finding on Plaintiff's Bane Act, battery, and negligence claims.

3. The Parties stipulated on the record that, if the jury finds that Plaintiff Michael Garner has proven by clear and convincing evidence that Officer Jared Harris's conduct was malicious or committed in reckless disregard of Michael Garner's rights, it has necessarily also found that Plaintiff met his burden under the preponderance of the evidence standard.

### V. PRIOR FELONY CONVICTIONS

Evidence of Plaintiff's May 24, 2013 and July 14, 2014 felony convictions is admissible under Rule 609 of the Federal Rules of Civil Procedure, as Plaintiff acknowledged on the record during the further Pretrial Conference. The felonies at issue involved stolen property and burglary and occurred only approximately two and three years ago. See Clem v. Lomeli, Case No. 2:05cv02129 (JKS), 2007 WL 2688842, at *2 (E.D. Cal. Sept. 13, 2007) (citations omitted); United States v. Estrada, 430 F.3d 606, 618 (2d Cir. 2005); Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997). Accordingly their nature, and the time that has elapsed since conviction, weigh in favor of admission. Further, Plaintiff's credibility is particularly important in this case, which involves several factual disputes between Plaintiff's and Defendant Officer Harris' version of events.

In general, the convictions' probative value is not substantially outweighed by their prejudicial effect. See Fed. R. Civ. P. 403.  However, the jury might draw improper inferences based on the fact that the May 24, 2013 conviction was for receipt of a stolen bicycle. Accordingly, these convictions are admissible, except that the Parties shall not reference the fact that the May 24, 2013 receipt of stolen property conviction involved a bicycle, which fact is excluded under Federal Rule of Evidence 403.

**VI.  WITNESSES**

By July 22, 2016, the Parties shall submit a schedule of witnesses whom they plan to call out of order, and at least twenty-four hours before each trial day, the schedule of witnesses whom they plan to call that day.

**VII.  EXHIBITS**

If the Parties cannot agree regarding which photographs of Plaintiff's face before and after the November 27, 2013 incident should be introduced, then by July 22, 2016, they shall jointly submit a statement of no more than two pages that explains their respective positions and attaches the proposed photographs.

**IT IS SO ORDERED.**

Dated: July 21, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3